## Commonwealth v. Roth

*Allen K. Neyhard,* assistant district attorney, for the Commonwealth.

*James A. Zurich, Jack C. Younkin,* for defendant.

KREHEL, *P.J.,* February 19, 1985—In August and September of 1984, defendant was charged in 66 separate criminal complaints which resulted in 66 separate informations being filed in this court. On January 16, 1985, defendant filed a motion pursuant to rule 326 to place all pre-trial motions under seal, and on February 4, 1985, defendant filed a motion to close pre-trial proceedings.

The News Publishing and Printing Company, of Shamokin, Pennsylvania, which publishes The New-Item, a newspaper of general circulation in this county, filed a petition to intervene for the purpose of objecting to defendant's motions. By order of court dated February 4, 1985, this court granted the petition to intervene and directed the parties to file briefs on the issues raised in defendant's motions. Defendant and intervenor have filed briefs: the Commonwealth chose not to file a brief and has indicated that it takes no position in this matter.

At an in-chambers conference on February 4, 1985, defendant indicated that he was limiting his

request to a closure of proceedings which will be held pursuant to 18 Pa. C.S. §314.

Intervenor maintains that closure would be an impermissible infringement of the public's right of access to criminal proceedings. Defendant counters by alleging that the unique nature of this case and its attendant publicity mandates closure of certain pre-trial hearings to protect defendant's right to a fair trial. Because of the difficulties involved in balancing competing constitutional rights, this court has very carefully considered the arguments on both sides of this issue.

There is a presumption that pre-trial proceedings, as well as trials, in criminal cases should be open to the public. Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed. 2d 248 (1982); Petition of Daily Item, 310 Pa. Super. 222, 456 A.2d 580 (1983); Commonwealth v. Johnson, 309 Pa. Super. 367, 455 A.2d 654 (1982); Commonwealth v. Hayes, 489 Pa. 419, 414 A.2d 318 (1980), cert. denied, 449 U.S. 992, 101 S.Ct. 528, 66 L.Ed. 2d 289 (1980). The purpose of this is that public access to criminal proceedings promotes public understanding, assures fairness, promotes confidence in the judicial system, promotes accountability of judicial officers and discourages perjury. Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed. 2d 973 (1980).

This right of access, however, is not absolute, but is qualified by the right of the accused to a fair trial. Richmond Newspapers, Inc. v. Virginia, supra; Commonwealth v. Buehl, 316 Pa. Super. 215, 462 A.2d 1316 (1983). Defendant is constitutionally entitled to a fair trial. Sixth Amendment, United States Constitution; Article I, section 9, Constitution of Pennsylvania; Sheppard v. Maxwell, 384 U.S. 333,

86 S.Ct. 1507, 16 L.Ed. 2d 600 (1966); Petition of Daily Item, supra.

Pa.R.Crim.P. 326, provides in part that "in a widely publicized or sensational case" the court may issue an appropriate order governing matters which are likely to interfere with the right of the accused to "a fair trial by an impartial jury." In the present case, this court believes that closure is necessary to protect defendant's right to a fair trial by an impartial jury.

It is clear that there has been extensive pre-trial publicity in this case. Articles regarding this case, including pictures of defendant, have appeared on many occasions on the front page of the two most widely circulated newspapers in this county, including intervenor's. An article about this court's order granting intervenor's petition to intervene appeared on page one of The News-Item. There has been extensive coverage of this case in radio news broadcasts by the leading radio stations in Northumberland County. There is no questioning the fact that this is a widely publicized case.

Closure is likely to be effective in preventing the prejudicial pre-trial publicity that is feared by defendant. The information which is likely to be presented at the 18 Pa. C.S. §314 hearings has not previously been made public. Making this information available to the public is likely to prejudice the ability of defendant to present a defense under 18 Pa. C.S. §315, if defendant's petition under 18 Pa. C.S. §314 is rejected. And this information may also prejudice the ability of defendant to have an impartial jury.

From a broader view, there are no reasonable alternatives to closure which will effectively and practically prevent the expected prejudice to defendant. Voir dire, and admonition to the jury will not effec-

tively prevent prejudice. "Un-Ringing the Bell" may be effective where the pre-trial publicity is less sensational and extensive, and the jurors may be easily persuaded to ignore the publicity. However, in this case, the extent of voir dire and admonition necessary to accomplish the goal of fairness is likely to backfire in that the juror's attention will be overly directed to the fact of the publicity.

Further, sequestration may be effective in preventing jurors from being exposed to publicity during trial, but is has no effect on the exposure to pretrial publicity which is present in this case. Change of venue or change of venire may seem to be effective alternatives. These alternatives, however, do not prove to be reasonable in this case. Change of venue and change of venire in 66 cases would be extremely costly. As editorials in intervenor's newspaper and the other newspapers in this county have often stated, this county faces potential financial problems with the lingering effects of the recent recession, the depressed state of the coal industry and the need for expensive renovations to the present courthouse or construction of a new courthouse. In this case, the closure request is limited to hearings pursuant to 18 Pa. C.S. §314. This is a narrow request, and closure is the most effective and practical method to insure defendant may receive a fair trial with an impartial jury.

Accordingly, this court enters the following

## ORDER

And now, this February 19, 1985, defendant's motion to close pre-trial proceedings is granted in part. All proceedings in this matter which are held pursuant to 18 Pa. C.S. §314 are hereby closed to the general public and the press.